IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES A. BURNETT,**

        **Plaintiff,**

    v.                                 CASE NO. 10-3180-SAC

**STATE OF KANSAS, et al.,**

        **Defendants.**

**O R D E R**

While confined in a county jail in Atchison, Kansas, plaintiff initiated this action with a pro se document titled as a "Motion Do[sic] to Mistreatment to a Confined Person by K.S.A. Law", as later supplemented. The court granted plaintiff provisional leave to proceed in forma pauperis, subject to plaintiff's filing of a complaint on a court approved form, D.Kan.Rule 9.1(a), and to plaintiff either paying the $350.00 district court filing fee or submitting an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

In response, plaintiff submitted both an amended complaint and an in forma pauperis motion on court approved forms.

*Motion for In Forma Pauperis Status, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28

U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the limited financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Amended Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen plaintiff's amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of

2

alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his amended complaint, plaintiff seeks damages on broad allegations concerning the conditions of his confinement in the Atchison County jail in August and September 2010. Plaintiff variously alleges that he was not provided adequate medical care, that staff wrongfully interfered with his legal mail, that he was not provided adequate underwear or hygiene supplies, that his request for legal resources was wrongfully denied, and that his safety was compromised when an offender plaintiff had identified as robbing plaintiff's house was placed in plaintiff's cell. The four defendants named in the amended complaint are John Calhoon as the Atchison County Sheriff, Travis Wright as a Captain at the Atchison County jail, and "Doe" defendants as a nurse and a doctor at the jail.[1]

The amended complaint displaces plaintiff's informal pro se

---

[1] Plaintiff no longer includes the State of Kansas as a defendant. This is appropriate, as the Eleventh Amendment bars plaintiff's suit for damages against a state. *Alabama v. Pugh*, 438 U.S. 781 (1978). Also, the State of Kansas is not considered a "person" for the purpose of seeking relief under § 1983 against a "person acting under color of state law." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1981).

3

pleading and supplements. Nonetheless, the court notes that these earlier filings include complaints that plaintiff was experiencing significant pain from an injury to his right eye, face, shoulder, for which he saw a nurse and was given pain medication, but the medication was not effective and no x-rays had been taken.[2]

Having reviewed plaintiff's documents, the court finds the amended complaint is subject to being summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

As it appears plaintiff was confined in the jail as a pretrial detainee, he was entitled to constitutional protection with respect to the conditions of his confinement. While this constitutional protection arises out of the Fourteenth Amendment's guarantee of substantive due process, plaintiff's allegations of inadequate medical care and disregard of his personal safety are analyzed under the Eighth Amendment's "deliberate indifference" standard. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 10 (10th Cir.1998).

A prison official violates the Eighth Amendment by being deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To state an actionable constitutional claim, a pretrial detainee must be able to show that the conditions complained of were sufficiently serious to implicate constitutional protection, and that jail officials were deliberately indifferent to the detainee's health or safety. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir.2004). A

---

[2] In these earlier filings plaintiff also complained that unsanitary plates were handed out by staff without gloves or hairnets, that he received a moldy piece of cake, that other prisoners in the jail have MRSA and poison ivy, that canteen prices were too high, that it was a conflict of interest for the mayor to be a court appointed attorney in many drug cases, and that he was subjected to racial discrimination.

sufficiently serious jail condition is one which exposes a detainee to "a substantial risk of serious harm." *Id*. The relevant inquiry involves review of the "circumstances, nature, and duration" of the conditions with "the length of exposure to the conditions ... often of prime importance." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir.2001). A defendant's state of mind is measured by a subjective standard, such that the jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Even if the court were to assume plaintiff could establish an obvious serious medical condition in need of attention, there is no factual support for finding any defendant acted with deliberate indifference to that need. Plaintiff's disagreement with the medical care provided, and his charges of negligence and medical malpractice, do not plausibly support a finding of deliberate indifference by any defendant and thus are insufficient to state a cognizable constitutional claim.[3] *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir.1999). *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Nor does plaintiff allege substantial harm resulting from any delay in receiving necessary medical care. *See Garrett v.*

---

[3]Plaintiff also cites a Kansas statute regarding the mistreatment of a confined person. Section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law. *Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir.1988). Additionally, K.S.A. 21-3425 makes the mistreatment of a confined person a class A person misdemeanor. No private cause of action in a state or federal court is established by this state criminal statute.

*Stratman*, 254 F.3d 946, 950 (10th Cir.2001)(delayed medical care violates the Eighth Amendment only if the delay caused substantial harm, namely a "lifelong handicap, permanent loss, or considerable pain").

As to plaintiff's concern that his personal safety was put at risk, there are no allegations that the offender placed in plaintiff's cell ever presented any actual threat of harm to plaintiff. While prison officials have a duty to protect prisoners from violence at the hands of other prisoners, *Farmer,* 511 U.S. at 833-34, an Eighth Amendment claim is stated only if there is evidence to show that defendants acted with "obdurate and wanton disregard for an inmate's safety." *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir.1992). Prison and jail administrators are to be afforded substantial deference regarding matters of internal security and management of a correctional facility. *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Here, the court finds plaintiff's bare allegation of potential harm is insufficient to plausibly establish that any defendant acted with disregard to "a known or obvious risk that was so great as to make it highly probable that harm would follow," or to "a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir.2003)(internal quotation marks and citation omitted).

The court further finds plaintiff's allegations of being denied adequate clothing fails to present an actionable claim for relief under § 1983.

Officials are to provide a pretrial detainee with humane

6

conditions of confinement, which include adequate clothing. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998). However, the Eighth Amendment is not implicated by mere allegations of discomfort or temporary adverse conditions posing no risk to a prisoner's health and safety. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Here, plaintiff complains he was not given underclothing to wear while his jail jumpsuit was being laundered, and he thereby had to sleep without clothing one night at the jail. No systematic or long term deprivation of clothing is alleged. Given this single isolated incident, with no allegation that plaintiff reported significant physical discomfort to jail staff during that short period, plaintiff's allegation of being denied clothing fails to state an actionable constitutional claim.

Likewise, plaintiff's report of an isolated instance of his legal mail being opened outside his presence is insufficient to plausibly establish any violation of plaintiff's constitutional rights. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990)(isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation").

Pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts, *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir.1985), but to assert a constitutional claim of being denied that right, the detainee must allege sufficient facts to plausibly find the denial of such resources hindered his efforts to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Plaintiff's report of

being denied access to legal resources available in the county building but not in the jail is insufficient to make such a finding, as plaintiff was represented by counsel in his pending criminal action and identifies no actual prejudice resulting from the denial of his request for legal materials.

**Notice and Show Cause Order to Plaintiff**

Thus for the reasons stated herein, the court directs plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).[4] The failure to file a timely response may result in the complaint being dismissed pursuant to § 1915(e)(2)(B)(ii) without further prior notice to plaintiff.

*Plaintiff's Pending Motions*

To the extent plaintiff's brief inquiry about appointment of counsel is liberally construed as a motion for such appointment in this case, the court denies this request without prejudice. Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir. 1989). Having considered petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors

---

[4] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

to be considered in deciding motion for appointment of counsel).

Plaintiff's motion for an order requiring that he be sent to a medical specialist, captioned for filing in the instant case, is denied without prejudice to plaintiff pursing such relief in an appropriate legal manner against a proper defendant. Plaintiff is currently in the custody of the Kansas Department of Corrections (KDOC) and is confined in a state correctional facility. No KDOC official or employee is a party to the present action.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 9) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 4) and motion for an order to be sent to a medical specialist (Doc. 10) are denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 24th day of June 2011 at Topeka, Kansas.

                                         s/ Sam A. Crow  
                                         SAM A. CROW  
                                         U.S. Senior District Judge