IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES A. BURNETT,**
                 **Plaintiff,**

    v.                                    CASE NO. 10-3180-SAC

**STATE OF KANSAS, et al.,**
                 **Defendants.**

**O R D E R**

Plaintiff proceeds in forma pauperis on a pro se amended complaint seeking relief under 42 U.S.C. § 1983. On June 24, 2011, the court directed plaintiff to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff seeks damages[1] on broad allegations concerning the conditions of his pretrial confinement in the Atchison County jail, and names four defendants in the amended complaint: John Calhoon as the Atchison County Sheriff; Travis Wright as a Captain at the Atchison County jail; and "Doe" defendants as a nurse and a doctor at the jail. Plaintiff alleges that he was not provided adequate medical care, that staff wrongfully interfered with his legal mail, that he was not provided adequate underwear or hygiene supplies, that his request for legal resources was wrongfully denied, and that his safety was compromised when an offender plaintiff had identified as robbing plaintiff's house was placed in plaintiff's cell. The

---

[1] To the extent plaintiff also sought injunctive and declaratory relief, any such request was rendered moot by plaintiff's transfer from the jail to the custody of the Kansas Department of Corrections upon his conviction. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir.1985)(claim for injunctive relief moot if no longer subject to conditions). *See also Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir.1994)(declaratory relief subject to mootness doctrine).

court found the factual allegations in the amended complaint were insufficient to plausibly find that any violation of plaintiff's constitutional rights.

Having reviewed plaintiff's response, the court finds plaintiff essentially reasserts arguments for relief based on any violation of postal regulations, and on any potential risk of harm to his safety. The court disagrees for the reasons previously stated in the show cause order, and continues to find no actionable claim is stated against any defendant named in the amended complaint. Plaintiff also broadly complains of racial discrimination at the jail, a claim not included in the amended complaint, but even if it were properly asserted, plaintiff's allegations are conclusory at best and would be summarily dismissed as stating no claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Accordingly, for the reasons stated herein and in the show cause order entered on June 24, 2011, the court dismisses the amended complaint.

IT IS THEREFORE ORDERED that the amended complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 5th  day of January 2012 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge

2